UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
WHITNEY BURRIS,                        :
                                       :
                Petitioner,            :        04 Civ. 6009 (JSR)
                                       :
        -v-                            :           ORDER
                                       :
WILLIAM PHILLIPS, Warden of Green      :
Haven Correctional Facility,           :
                                       :
                Respondent.            :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

        On March 11, 2008, the Honorable Michael H. Dolinger, United

States Magistrate Judge, issued a Report and Recommendation in the

above-captioned matter recommending the denial of petitioner's petition

filed pursuant to 28 U.S.C. § 2254.  In response to a letter from

petitioner, the Court extended petitioner's time to object until April

24, 2008.  Subsequently, on April 16, 2008, petitioner submitted

objections to certain portions of the Report and Recommendation.

Accordingly, the Court has reviewed the petition and the underlying

record de novo.  Having done so, the Court finds itself in complete

agreement with Magistrate Judge Dolinger's Report and Recommendation

and hereby adopts its reasoning by reference.

        Although petitioner makes a number of objections, they are all

without merit and only two even warrant brief discussion.  First,

petitioner contends that he exhausted his claims other than the felony-

murder jury charge claim because his leave application to the Court of

Appeals included his Appellate Division brief (in which the other

claims had been raised).  However, Burris's counsel sought leave to

appeal only the felony-murder affirmative defense issue and

accordingly, as Judge Dolinger found, Burris's other claims were not

exhausted, even though his Appellate Division brief was submitted to the Court of Appeals. See Smith v. Duncan, 411 F.3d 340, 345 (2d Cir. 2005) ("Generally we assume that the Court of Appeals would construe a petitioner's leave application as abandoning claims that the petitioner had pressed to the Appellate Division below where those claims were not presented to the New York high court for review.... Even if the original Appellate Division briefs are submitted along with the leave application, New York's highest court has no duty to look for a needle in a paper haystack." (quotation marks omitted)).[1]

Second, petitioner claims, contrary to Judge Dolinger's factual finding that he never applied to amend the instant petition to include claims he raised in state court via a coram nobis proceeding, that he "made numerous contacts with this court in reference to amending the stay petition to include the claims in the error coram nobis." Objection at 6. Petitioner presents no evidence in the form of affidavits or otherwise that he ever contacted the Court to amend his petition, and the Court's own records do not reflect that petitioner made such contact. Thus this objection, too, is without merit.

Accordingly, the Court dismisses the petition, with prejudice. In addition, because petitioner has not made a substantial showing of

---

[1] Petitioner mentions several times in his objections that he is illiterate. While the Court is sympathetic to petitioner's difficulties, to the extent that petitioner might intend to use his illiteracy to excuse his procedural default on the unexhausted claims this argument would fail because, inter alia, the record is clear that petitioner was represented by counsel during his state appeal and his illiteracy could not therefore logically constitute "cause" for the default.

the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. Moreover, the Court certifies that any appeal from this Order would not be taken in good faith, as petitioner's claim lacks any arguable basis in law or fact, and therefore permission to proceed in forma pauperis is also denied. See 28 U.S.C. § 1915(a)(3); see also Seimon v. Emigrant Savs. Bank (In re Seimon), 421 F.3d 167, 169 (2d Cir. 2005). Clerk to enter judgment.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        June 9, 2008